# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **THE NOCO COMPANY** <br> 30339 DIAMOND PARKWAY, #102 <br> GLENWILLOW, OHIO 44139 <br><br> Plaintiff, <br><br> v. <br><br> **SHENZHEN MEDIATEK TONG TECHNOLOGY CO., LTD. D/B/A BEATIT** <br> RM. 3A-E, QIANYU TONG BLDG., QINGJI RD. LONGHUA ST., LONGHUA NEW DIST. SHENZHEN CHINA <br><br> AND <br><br> **SHENZHEN SHI LUOWEI TECHNOLOGY CO., LTD. D/B/A BEATIT TECH** <br> 1208 SHI SHENZHEN SHI CHANGHONG TECHNOLOGY BUILDING NANSHANQU SHENZHEN, GUANGDONG CHINA 518000 <br><br> Defendants. | CASE NO: <br><br> JUDGE: |

## COMPLAINT
### (JURY DEMAND ENDORSED HEREIN)

Plaintiff The NOCO Company d/b/a NOCO ("*Plaintiff*" or "*NOCO*") by and through counsel, and for its Complaint against Defendants Shenzhen Mediatek Tong Technology Co., Ltd. d/b/a BEATIT SZ ("*BEATIT SZ*") and Shenzhen Shi Luowei Technology Co., Ltd. d/b/a BEATIT Tech. ("*BEATIT Tech*") (together, "*Defendants"* or "*BEATIT*"), states as follows:

{K0807001.1}

## INTRODUCTION

1.	BEATIT is willfully infringing upon NOCO's trademark in connection with the sales of its competing products in Ohio and the United States of America. These infringing activities are illegal, and have harmed, and will continue to harm, NOCO.

## PARTIES

2.	NOCO is an Ohio corporation engaged in the design, manufacture, and sale of battery chargers, portable power devices, and battery products and accessories.

3.	BEATIT SZ is a corporation organized under the laws of China and engaged in the design, manufacture and sale of battery chargers and jump starters under the brand name "BEATIT".

4.	BEATIT Tech is also a corporation engaged in the sale of battery chargers and jump starters under the brand name "BEATIT".

5.	BEATIT Tech is merely a sales division of BEATIT SZ.

6.	BEATIT Tech and BEATIT SZ do not possess distinct corporate identities, do not maintain corporate formalities, and operate as one entity under common ownership, management, and direction.

7.	BEATIT SZ and BEATIT Tech are working in concert to sell products, using NOCO's proprietary intellectual property in connection with such sales, without the authority or consent of NOCO.

## JURISDICTION/VENUE

8.	This Court has original subject matter jurisdiction over NOCO's trademark claims pursuant to 28 U.S.C. § 1338(a).

9. This Court also has original jurisdiction over NOCO's unfair competition claims, pursuant to 28 U.S.C. § 1338(b), because they are joined with NOCO's substantial and related trademark claims.

10. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over NOCO's remaining claims because they form part of the same case or controversy as NOCO's trademark and unfair competition claims.

11. Pursuant to Ohio Revised Code Section 2307.382, this Court has personal jurisdiction over BEATIT because, among other reasons, BEATIT regularly solicits and transacts business, supplies goods, and has caused tortious injury in the State of Ohio, knowing that NOCO would be harmed here.

12. Additionally, BEATIT is subject to this Court's exercise of personal jurisdiction by operation of Fed. R. Civ. P. 4(K)(2).

13. Due process is also satisfied as to BEATIT because it has purposely availed itself of this forum by: operating a fully interactive commercial website, operating Amazon.com's platform interactively as a third party seller, offering products for sale in Ohio, shipping products into Ohio, and tortiously harming NOCO in Ohio, knowing that NOCO would be harmed here.

14. NOCO's claims arise from BEATIT's forum-related activity, including its infringing marketing, sales, and shipments into the forum, which are directly relevant to NOCO's cause of action.

15. Jurisdiction is reasonable because of BEATIT's purposeful availment of this forum and relevance of BEATIT's forum contacts.

16. This Court may lawfully exercise personal jurisdiction over both BEATIT and BEATIT TECH if the Court determines that it possesses jurisdiction over either, because they are alter egos for purposes of jurisdiction.

17. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the infringing sales were made in Ohio, and further because the affected intellectual property is the property of NOCO, an Ohio company, and BEATIT can be said to have reached into this forum to take NOCO's intellectual property.

## THE TRADEMARK

18. NOCO sells its products on its website (https://no.co/), to wholesalers and authorized resellers and retailers, and through online stores such as Amazon.

19. NOCO protects its brand, its goodwill, and its valuable intellectual property, including through registration of its trademarks.

20. At issue in this case is NOCO's federally registered trademark ULTRASAFE®, with Registration No. 4,811,656. (the "*Trademark*"). The Certificate of Registration for the Trademark is attached as Exhibit 1.

21. The Trademark covers: "battery jump starters, battery chargers, battery packs, inverters" in International Class 009.

22. NOCO also obtained an international registration of the ULTRASAFE® mark, covering the same goods in IC 009, with registration number 1481445. The international registration's summary is attached as Exhibit 2.

23. Examples of NOCO's use of the Trademark are included as Figures 1 and 2 below.



*Figure 1: NOCO product listing for the GB40, available at no.co/gb40.*



*Figure 2: NOCO product listing for the GB40, available at no.co/gb40.*

24. NOCO regularly monitors the marketplace to identify infringement, protect its consumers, and prevent brand dilution, tarnishment, and confusion as to the origin of its products.

25. In the course of such monitoring, NOCO has discovered that BEATIT is infringing upon the Trademark.

## THE INFRINGEMENT

26. BEATIT sells its products online on www.Amazon.com using the Amazon storefront "BEATIT Tech."

27. BEATIT also performs retail services, advertises, offers products for sale, and sells competing products through its own website https://beatittech.com, and possibly other websites.

28. BEATIT is using the Trademark in connection with its advertisement, offering for sale, and sales of battery chargers and jump starters as well as in the course of performing retail services online.

29. Specifically, BEATIT is unlawfully and unfairly promoting its competing products by using phrases protected by NOCO's trademark, including "UltraSafe."

30. Screen captures depicting BEATIT's Amazon listings and associated infringing material are included below as Figure 3.



*Figure 3: BEATIT's Amazon product listing for the B10 jump starter, available at https://www.amazon.com/BEATIT-B10PRO-Portable-Lithium-Intelligent/dp/B07MNKH8PK.*

31. As can be seen in Figures 3 above, BEATIT is using the Trademark, in connection with online retail services and sales of jump starters, thereby plainly infringing upon NOCO's valid and subsisting trademark registration.

32. Specifically, BEATIT uses NOCO's ULTRASAFE® mark to encourage Ohio and United States consumers to purchase their competing similar products.

33. BEATIT does not have, and has never had, permission or authorization of any kind from NOCO for such use.

34. BEATIT's use of the Trademark is likely to cause, has caused, and will continue to cause consumer confusion, deception, and mistake, harming both consumers and NOCO.

## CONFUSINGLY SIMILAR PRODUCT NAMES

35. BEATIT has also adopted confusingly similar product names.

36. NOCO offers, and has offered since 2009, a line of chargers under the name "Genius."

37. Likewise, NOCO offers, and has offered since 2014, a line of jump starters under the name "Genius Boost."

38. Both designations are protected by federal trademark registrations belonging to NOCO.

39. NOCO abbreviates those designations to "G" and "GB" in product titles – for example, NOCO sells a jump starter called the "GB40" and a charger called the "G4."

40. BEATIT has subsequently titled their products with names including "G10," "G18," and "B10," with no apparent purpose other than to confuse consumers and divert sales from NOCO.

41. Moreover, BEATIT has also created and displayed marketing material derived from and virtually identical to NOCO's marketing material for competing products, as shown in Figure 4, below.

42. BEATIT's calculated use of the Trademarks, confusingly similar product names, and virtually identical marketing material confuses and deceives consumers, and willfully infringes upon NOCO's rights in the Trademark.



*Figure 4: NOCO and BEATIT jump starter marketing materials.*

43. As of the date of this filing, BEATIT continues to violate NOCO's intellectual property rights.

## Count One
### Declaratory Judgment/Injunctive Relief

44. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

{K0807001.1}  9

45. An actual and justiciable controversy exists between NOCO and BEATIT related to whether BEATIT has the right to use the Trademark without NOCO's consent and in violation of NOCO's rights in the Trademark.

46. The Court, pursuant to 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57, should declare that BEATIT has no right or authorization to use the Trademark, as these actions have harmed and continue to harm NOCO in an amount to be determined at trial.

47. Such a declaration is proper, pursuant to U.S.C. § 2201(a), because it would terminate an "actual controversy" between the parties and declare NOCO's rights with respect to this issue.

## Count Two
## Trademark Infringement (15 U.S.C. § 1114)

48. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

49. NOCO is the owner of the Trademark (ULTRASAFE®).

50. BEATIT uses the Trademark in connection with its sale of competitive products without NOCO's authorization or consent.

51. BEATIT's use of the Trademark is likely to cause confusion among consumers as to the source and origin of the parties' products.

52. BEATIT's use of the Trademark constitutes willful trademark infringement pursuant to 15 U.S.C. § 1114.

53. As a result, NOCO has suffered damages and will continue to suffer damages in an amount to be proven at trial.

## Count Three
### Trademark Dilution (15 U.S.C. § 1125)

54. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

55. NOCO is the owner of the Trademark (ULTRASAFE®).

56. The Trademark has become famous as a result of voluminous sales through numerous prominent channels of trade, extensive and far-reaching advertising efforts over an extended period of time, and federal registration.

57. The Trademark is distinctive and well known within the battery and battery charging industry and more broadly among the purchasing public.

58. BEATIT's unauthorized use of the Trademark is causing the willful dilution of the Trademark by blurring and tarnishing the reputation and goodwill associated with the Trademark in violation of 15 U.S.C. § 1125(c).

59. As a result, NOCO has suffered damages and will continue to suffer damages in an amount to be proven at trial.

## Count Four
### Ohio Deceptive Trade Practices (O.R.C. § 4165.02)

60. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

61. NOCO is the owner of the Trademark (ULTRASAFE®).

62. BEATIT's unauthorized use of the Trademark is likely to cause confusion as to the source of the parties' products in violation of O.R.C. § 4165.02(A)(2).

63. BEATIT's unauthorized use of the Trademark creates the misperception that BEATIT and NOCO are affiliated, which violates O.R.C. § 4165.02(A)(3).

64. As a result, NOCO has suffered damages and will continue to suffer damages in an amount to be proven at trial.

## Count Five
## Unfair Competition

65. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

66. BEATIT unfairly competes with NOCO through its authorized use of the Trademark, nearly identical product names, and confusingly similar advertising material.

67. BEATIT's actions have damaged NOCO in the form of, *inter alia*, lost sales, harm to reputation, trademark infringement, trademark dilution, and tarnishment.

68. As a direct and proximate cause of BEATIT's conduct, NOCO has suffered and will continue to suffer damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment as follows:

A. As to Count One, a declaratory judgment declaring that BEATIT is unauthorized to use the Trademark, and permanently enjoining BEATIT from any further use of the Trademark;

B. As to Count Two, pursuant to 15 U.S.C. § 1117(a), award NOCO up to three times its actual and compensatory damages determined at trial, which exceed $25,000, as well as NOCO's attorney's fees and costs, disgorge BEATIT of all proceeds from its infringing sales, and permanently enjoin BEATIT from using, and willfully infringing upon, the Trademark;

C. As to Count Three, pursuant to 15 U.S.C. § 1117(a), award NOCO up to three times its actual and compensatory damages determined at trial, which exceed $25,000, as well as NOCO's attorney's fees and costs, disgorge BEATIT of all proceeds from its infringing sales, and permanently enjoin BEATIT from using, and willfully infringing upon, the Trademark;

  D. As to Count Four, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as NOCO's attorney's fees and costs, disgorge BEATIT of their profits from all infringing sales, and permanently enjoin BEATIT from using the Trademark in violation of O.R.C. § 4165.02; and

  E. As to Count Five, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as NOCO's attorney's fees and costs, disgorge BEATIT of the proceeds from their infringing sales, and permanently enjoin BEATIT from unfairly competing with NOCO by using the Trademark.

        Respectfully submitted,

        **KOHRMAN JACKSON & KRANTZ LLP**

        */s/ Sean P. Malone*
        SEAN P. MALONE (0076353)
        DAVID R. POSTERARO (0024661)
        JON J. PINNEY (0072761)
        One Cleveland Center, 29th Floor
        1375 East Ninth Street
        Cleveland, Ohio 44114
        Phone: 216-696-8700
        Fax: 216-621-6536
        Email: spm@kjk.com; drp@kjk.com

        *Counsel for Plaintiff*

## JURY DEMAND

Plaintiff respectfully demands a trial by jury pursuant to Fed. R. Civ. P. 38.

        */s/ Sean P. Malone*
        SEAN P. MALONE